# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARR, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:10-CV-489 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant William Carr's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, filed by retained counsel. The government filed its Response out of time by leave of Court on July 29, 2010. Under the Case Management Order, any reply memorandum was due within twenty-one days after the government's Response was filed. No reply has been filed and the time to do so has passed. For the following reasons, the Motion to Vacate, Set Aside or Correct Sentence will be dismissed.

**Background**

On September 13, 2001, defendant William Carr and three co-defendants, Manuel Carr, Michael McGill and Heath Christian, were charged with conspiracy to possess with the intent to distribute approximately ten (10) kilograms of cocaine, in violation of 21 U.S.C. § 846. See United States v. Carr, 4:01-CR-385 CAS (E.D. Mo.). The other three defendants pleaded guilty and were sentenced to prison for various terms of imprisonment. Shortly after his arrest on these charges, Carr traveled to California, where he remained.

Movant was arrested in the Central District of California on May 16, 2007. He rejected plea offers after he failed a polygraph examination and reneged on a plea agreement made by the parties

prior to the polygraph examination. The case went to trial on January 14, 2008, and on January 16, 2008 the jury found Carr guilty of conspiracy to possess with the intent to distribute approximately ten (10) kilograms of cocaine.

On May 13, 2008, movant was sentenced to 120 months imprisonment. He filed a notice of appeal and argued on appeal that (1) the Court erred in admitting evidence that he was carrying a loaded firearm and false identification at the time of his arrest, and (2) the evidence was insufficient to support his conviction. The Eighth Circuit Court of Appeals affirmed the conviction by opinion dated March 26, 2009. United States v. Carr, 560 F.3d 849 (8th Cir. 2009). Movant timely filed this motion for post-conviction relief on March 22, 2010.

**Grounds**

Movant raises the following four grounds in his § 2255 Motion:[1]

> 1. Trial counsel was ineffective for failing to call movant's three co-defendants to testify concerning his innocence.
>
> 2. The government violated Brady v. Maryland, 373 U.S. 83 (1963), when it failed to disclose exculpatory evidence that movant's co-defendants told case agents and the prosecutor that movant was not involved in the conspiracy.
>
> 3. Trial counsel was ineffective for failing to object to the introduction of evidence of acts committed solely by other defendants in the case.
>
> 4. Counsel was ineffective for failing to move for a stipulation under Federal Rule of Evidence 403 as to the existence of a conspiracy.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the

---

[1]The § 2255 motion contains only three stated grounds, but the third ground contains two separate allegations of ineffective assistance of counsel.

sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Statements that are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

3

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**A. Ineffective Assistance of Counsel - Failure to Call Witnesses**

In the first ground, movant asserts that his trial counsel was ineffective for failing to call as witnesses the other co-defendants, who would have testified as to his innocence. Movant asserts that co-defendants Michael McGill, Health Christian and Manuel Carr would have testified he was not a member of the conspiracy, and that they told law enforcement officials and the Assistant United States Attorney that movant was not a member of the conspiracy. Movant does not submit any affidavits or declarations from these witnesses.

The government responds that movant's claim lacks merit, based on the Declaration of his appointed trial counsel, John D. Stobbs, II.[2] The Stobbs Declaration states that Michael McGill's attorney said McGill was not interested in cooperating on behalf of movant, and that McGill had requested he not be contacted further. A copy of a letter from Mr. McGill's attorney to Mr. Stobbs corroborating Mr. Stobbs' Declaration is attached as an exhibit thereto. Mr. Stobbs states further that he discussed Mr. McGill's response with movant. Stobbs Decl. at ¶ 2; Ex. A thereto.

Mr. Stobbs states that Heath Christian's testimony would not have assisted movant at trial because Christian proffered untruthfully to the government, and while he never mentioned movant's name, he also never exonerated movant in any report. Mr. Stobbs states that if he had put Mr.

---

[2]Movant was also represented at trial by attorney Craig Concannon.

Christian on the witness stand, the government would have been able to show that Mr. Christian was a liar, which would have been detrimental to movant's position. Stobbs Decl. at ¶ 3.

Mr. Stobbs states that calling Manuel Carr to the witness stand would have been "disastrous" because he lied to the government during his proffer and the government objected to him receiving safety valve relief. As a result, the government would have been able to show that Manuel Carr was a liar. In addition, Mr. Stobbs states that after sentencing, at movant's request, he contacted the Assistant U.S. Attorney, who stated he was open to filing a motion under Rule 35, Federal Rules of Criminal Procedure, on movant's behalf which would have allowed movant to be released from jail immediately, if Manuel Carr would proffer truthfully. To Mr. Stobbs' knowledge, Manuel Carr never agreed to do so. A letter from Mr. Stobbs to movant dated May 22, 2008 is attached to the Declaration. The letter states that Mr. Stobbs had spoken to Manuel Carr about the issue of proffering after sentencing, and had left at least six messages for him, but Manuel Carr had not called back, and Mr. Stobbs urged movant to contact Manuel Carr to obtain his cooperation. Stobbs Decl. at ¶ 4; Ex. B thereto.

Mr. Stobbs further states that although it was his decision who should be called as a witness, he discussed each witness with movant. Mr. Stobbs states that because of the length of time that passed between the date of the offense and movant's arrest, they agreed the best approach was an "alibi-type" defense. To support this defense, they presented evidence including affidavits and stipulations that movant was at the barber shop to get his son's hair cut and went outside only to throw away his son's bag from McDonald's. Stobbs Decl. at ¶ 5.

The government argues that the decision to proceed with an alibi defense was a strategic one, made by Mr. Stobbs after his investigation of the three co-defendants and the government's case, and that this type of strategic choice after investigation is virtually unchallengeable under Strickland.

5

The government asserts that movant fails to establish that Mr. Stobbs' performance was deficient, or that he was prejudiced by Mr. Stobbs' strategic decisions.

"The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal marks and cited cases omitted); see also Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (noting that under Strickland, "decisions related to trial strategy are virtually unchallengeable"). "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'" Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996) (quoting Stewart v. Nix, 31 F.3d 741, 744 (8th Cir.1994)).

There can be no showing of prejudice in the habeas context without evidentiary proof as to what the witnesses' testimony would have been. See Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989) (appellant who filed a § 2254 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by Strickland); United States v. Vazquez-Garcia, 211 F. App'x 544, 546 (8th Cir. 2007) (per curiam) (§ 2255 movant failed to show prejudice where he did not provide any affidavits or other information concerning witnesses' potential testimony, other than his own speculation, citing Sanders).

Movant has not submitted affidavits from his co-defendants or provided other independent support as to what their testimony would have been. As a result, movant's allegations are mere speculation and he cannot establish either that counsel was ineffective for failing to call his co-defendants as witnesses, or that he was prejudiced as a result.

6

Further, the Court finds that trial counsel did not perform deficiently in failing to call movant's co-defendants to testify. The record shows that trial counsel investigated the possibility of having movant's co-defendants testify on his behalf. Trial counsel submitted evidence that defendant McGill refused to cooperate with movant's defense and asked not to be contacted again. This is a reasonable basis for not calling McGill as a witness. See Forest v. Delo, 52 F.3d 716, 722 (8th Cir. 1995) (finding no deficient performance, despite failure to subpoena an alibi witness, where counsel had contacted the witness, who was uncooperative and indicated she would not testify). Trial counsel declared that he made the strategic decision, after consulting with movant, not to call co-defendants Christian and Manuel Carr because both were proved to be liars whose testimony could harm rather than help movant. This was also a reasonable decision.

The fact that movant's proposed witnesses were also charged with the drug conspiracy crime would likely have greatly diminished the value of their testimony, as the conduct underlying their indictment would have been suitable material for impeachment. Further, as the Eighth Circuit has observed, "Impeachment specifics aside, there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her." Staples, 410 F.3d at 489. As Christian and Manuel Carr would have faced a vigorous cross-examination, there is a definite possibility they would not have held up well as witnesses. Evidence that the witnesses who would testify movant was not part of a conspiracy were proven liars would necessarily detract from movant's trial strategy that he was an innocent bystander to drug activity.

In light of movant's failure to establish that his co-defendants would have testified on his behalf and the nature of their testimony, the strongly deferential presumption in favor of an attorney's considered trial strategy, the prospects for impeachment, and the risk inherent in calling

7

any witness, the Court concludes that movant's attorney did not perform in an objectively unreasonable manner by deciding not to call any of movant's three co-defendants as witnesses. Because the Court concludes that movant's attorney's performance was not unreasonable, it need not address the question of whether his performance prejudiced movant's defense.

Accordingly, this ground should be dismissed.

### B. Brady violation

Movant's second ground is that the government violated Brady v. Maryland when it failed to disclose exculpatory evidence that movant's co-defendants told case agents and the prosecutor that movant was not involved in the conspiracy. This claim, in its entirety, states as follows:

> That the defendant has continuously claimed that he was actually innocent of the crime for which he was indicted and convicted. That actual innocence will open the gateway to further action if the defendant can point to a constitutional problem with his conviction. That under Brady v. Maryland, 373 U.S. 83 (1963) the Government has a positive duty to give to the petitioner all exculpatory evidence which comes into their possess. [sic] The police and the Assistant US Attorney were specifically told by Michael McGill, Heath Christian, and Manuel Carr. However, in violation of their ethical duty the government withheld said evidence from the petitioner.[3]
>
> The petitioner would present testimony from the co-defendants and from various attorneys that this information was given to parties having a duty to make this disclosure.

§ 2255 Motion at 4.

The government responds as follows:

> As the charging AUSA and the trial AUSA, the undersigned can unequivocally assert that none of the three co-defendants absolved movant of his

---

[3]Movant's claim that the government failed to disclose the existence of his co-defendants' exculpatory statements appears to be factually inconsistent with his claim of ineffective assistance of counsel discussed above in section A. Movant asserted that his counsel was ineffective for failure to call his co-defendants as witnesses to testify as to his innocence. Such a claim would be impossible if the government had failed to disclose the witnesses' statements. The Court's resolution of this ground does not turn on this point, however.

8

involvement in the conspiracy. Of the three codefendants, only Mr. McGill spoke about movant and he (McGill) referred to a fight between movant and his brother (Manuel Carr). In the fight, both Carr brothers were arguing about money and movant left the St. Louis area and moved to California. Mr. Stobbs stated in his interview that he reviewed the reports in the case and there were no statements to the agents or prosecution that indicated movant was not involved in the conspiracy.

Movant has provided no evidence or facts in support of this allegation. His unsubstantiated claims do not form the basis for relief on this issue.

Factual assertions that are unsupported and self-serving do not establish a basis for relief. Instead, there must be some specific verified basis or evidence. Naked assertions or beliefs are not sufficient. Apfel, 97 F.3d at 1077.

Govt's Response at 7-8.[4]

Movant's claim that the government failed to disclose exculpatory evidence could have been raised on direct appeal of his conviction, but was not. If a claim could have been raised on direct appeal but was not, it is procedurally defaulted and cannot be raised in a § 2255 motion unless the "defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)).

A claim of actual innocence is not itself a constitutional claim but rather a gateway through which a movant must pass in order to have the merits of an otherwise procedurally barred constitutional claim considered on collateral review. Schlup v. Delo, 513 U.S. 298, 315 (1995). Claims of actual innocence must be based on "new evidence" which must convince the Court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741

---

[4]The government fails to recognize that unsupported statements in a brief, even by counsel for the government, are not evidence and cannot be accepted as such. See Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999) ("Assertions by counsel cannot foreclose an evidentiary hearing, at which such testimony can be taken and subject to cross-examination.").

(8th Cir. 1997) (applying Schlup's actual innocence standard in the context of a § 2255 motion). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id.

Movant has not attempted to show cause and prejudice for his failure to raise the Brady claim on direct appeal.[5] Therefore, this claim is procedurally barred from review unless movant can make a showing of actual innocence based on new evidence. Movant makes the conclusory claim that he is actually innocent of the crime for which he was convicted and asserts that he could present testimony from his co-defendants in support of the claim. Movant fails, however, to present any new evidence for the Court's consideration. Movant's unsupported assertion that such evidence exists is insufficient to establish a showing of actual innocence based on new evidence. See Schlup, 513 U.S. at 324.

Because movant has failed to establish either cause and prejudice or actual innocence, his claim of a Brady violation by the government should be dismissed as procedurally barred.

**C. Ineffective Assistance of Counsel - Failure to Object**

Movant's third ground is that trial counsel was ineffective for failing to object to the introduction of evidence of acts committed solely by other parties, i.e. the claimed co-conspirators, including search warrants of property that movant had no connection to, monetary transactions in California, and the extensive use of aliases by other members of the conspiracy. Movant contends

---

[5]Movant does not assert ineffective assistance of counsel with respect to his failure to raise the Brady claim on appeal.

10

he had "absolutely no connection" to these actions, and that he was prejudiced as a result of introduction of this evidence.

The government responds that movant cannot meet either prong of the <u>Strickland</u> test for this ground. The government states that Mr. Stobbs' strategy was to contest movant's participation in the conspiracy and rely on the alibi defense that movant was present at the barber shop to get his son a haircut and not as a participant in the narcotic conspiracy.

The government states that no objection could have been properly made to the evidence movant complains of, because to support the conspiracy charge, the government had to prove beyond a reasonable doubt that (1) there was an agreement to achieve an illegal purpose; (2) the defendant knew the purpose of the agreement; and (3) the defendant intentionally joined the agreement, citing <u>United States v. Crossland</u>, 301 F.3d 907, 913 (8th Cir. 2002). The government discusses basic principles concerning conspiracy charges, including that (1) the agreement need not be express or formal and the government must show no more than a tacit understanding among the participants, <u>United States v. Quintanilla</u>, 25 F.3d 694, 699 (8th Cir. 1994); (2) the burden of proof is met if the defendants acted in concert to achieve a common goal, <u>United States v. Agofsky</u>, 20 F.3d 866, 870 (8th Cir. 1994); (3) evidence that a co-conspirator participated in acts which furthered the conspiracy constitutes substantive evidence of the conspiracy, <u>United States v. Titlbach</u>, 339 F.3d 692, 697 (8th Cir. 2003); (4) one becomes a member of a conspiracy when he knowingly contributes his efforts to the conspiracy's objectives, <u>United States v. Crouch</u>, 46 F.3d 871, 874 (8th Cir. 1995); and (5) the "correct legal statement is that a defendant may be convicted for even a minor role in a conspiracy, as long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." <u>United States vs. Lopez</u>, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc).

The government then lists the items of proof it introduced at trial that it contends establish a conspiracy existed and that movant was a member of the conspiracy, and concludes that Mr. Stobbs could not have successfully objected to the evidence because the law requires the government to prove the existence of a conspiracy and movant's participation therein. The government also asserts that Mr. Stobbs' strategic decision to go with the alibi-type defense was clearly reasonable and should not be subjected to second guessing on hindsight, citing Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (counsel's decision to argue defendant's innocence and portray government witness as a snitch was reasonable although it did not succeed). Finally, the government relies on Mr. Stobbs' Declaration, which states in pertinent part,

> [B]ased on my nearly 20 years as a practicing attorney where I have handled over 20 federal criminal jury trials, I had no basis to object to statements made by co-defendants in furtherance of the conspiracy. Had I objected, said objection would have been overruled. Furthermore, objecting would have highlighted the close contact [movant] had with all of the co-defendants, especially his brother Manuel.

Stobbs Decl. at ¶ 6.

To succeed on a claim of ineffective assistance of counsel based on a failure to object, the movant must show there is a reasonable probability that if an objection had been made, it would have been sustained, and that the result of the proceeding would have been different. See Apfel, 97 F.3d at 1076-77.

As the government asserts, a conviction on a conspiracy charge requires that the government prove beyond a reasonable doubt (1) the existence of an agreement to achieve an illegal purpose, (2) that the defendant knew of the agreement, and (3) that the defendant knowingly became part of the agreement. United States v. Johnson, 470 F.3d 1234, 1237 (8th Cir. 2006). "It is not necessary to prove an overt act in furtherance of a conspiracy. The conspiracy may be proved through circumstantial evidence and may be implied by the surrounding circumstances or by inference from

the actions of the parties." United States v. Fitz, 317 F.3d 878, 881 (8th Cir. 2003) (cited case omitted).

"[A] defendant may be convicted for even a minor role in a conspiracy, so long as the government proves beyond a reasonable doubt that he or she was a member of the conspiracy." Lopez, 443 F.3d at 1030. A defendant need not have contact with all of the other members of a conspiracy to be held accountable as a conspirator. United States v. Hernandez, 986 F.2d 234, 236 (8th Cir. 1993). Personal knowledge of, or familiarity with, each co-conspirator is not required to show a conspiracy. United States v. Barraza Cazares, 465 F.3d 327, 333 (8th Cir. 2006). "A single conspiracy may be found when the defendants share a common overall goal and the same method is used to achieve that goal, even if the actors are not always the same." United States v. Bascope-Zurita, 68 F.3d 1057, 1061 (8th Cir. 1995). Evidence of a co-conspirator's participation in acts that furthered the conspiracy is substantive evidence of the conspiracy's existence, and is probative of the crime charged. Titlebach, 339 F.3d at 697. A defendant may fail to appreciate the extent of the enterprise, and can still be "held liable as a co-conspirator if he shares the same common purpose or goal of the other conspirators." United States v. McCarthy, 97 F.3d 1562, 1571 (8th Cir. 1996).

The evidence that movant asserts his trial counsel should have objected to was introduced by the government to meet its burden to establish the existence of an agreement to achieve an illegal purpose, as well as to show movant's knowledge and involvement in the conspiracy. The government met its burden in part through the introduction of evidence of actions of conspirators other than the movant. As stated above, evidence of a co-conspirator's participation in acts that furthered the conspiracy is substantive evidence of the conspiracy's existence, and is probative of the crime charged. Titlebach, 339 F.3d at 697. Because the government was required to prove the elements of a conspiracy and movant's participation in it, the evidence movant claims his trial

13

counsel should have objected to was properly admitted, and any objection to it would have been overruled.

As a result, movant cannot meet his burden to show there is a reasonable probability that if an objection had been made to this evidence, it would have been sustained, and movant does not claim, much less show, that the result of the proceeding would have been different. See Apfel, 97 F.3d at 1076-77. This ground should therefore be dismissed.

**D. Ineffective Assistance of Counsel - Failure to Move for Stipulation**

Movant's final ground is that his trial counsel was ineffective for failing to move for a stipulation from the government under Federal Rule of Evidence 403 concerning the existence of a conspiracy. Movant does not provide any argument in support of this claim and the government did not specifically respond to it.

"Generally, the government is not bound by a defendant's offer to stipulate to an element of a crime." United States v. Ellison, 793 F.2d 942, 949 (8th Cir. 1986). The government is free to present evidence to the jury to establish "a complete picture of the events constituting the crime charged." Ellison, 793 F.2d at 949. This general rule is, however, subject to Federal Rule of Evidence 403 concerning the exclusion of relevant evidence on the ground of prejudice. Id. Therefore, the "government is not bound to stipulate to such facts unless the prejudicial aspects of the testimony in context outweigh its probative value[.]" Id. (quoted case omitted). A critical aspect of assessing whether the probative value of evidence outweighs its prejudicial effect is "whether the challenged evidence is probative of issues other than the one to which the defendants offered to stipulate." United States v. Hiland, 909 F.2d 1114, 1134 (8th Cir. 1990).

In this case, because the government was required to prove not only the existence of an agreement with an illegal purpose, but also that movant knew of the agreement and agreed to join

14

in it, the challenged evidence is probative of issues other than merely the existence of an illegal agreement. As such, the probative value of the evidence was not outweighed by its prejudicial effect. It would have been reasonable for movant's trial counsel to determine that a motion seeking to require the government to stipulate concerning the existence of a conspiracy would not have been successful in this case. Trial counsel's failure to seek a stipulation in this case therefore does not fall below an objective standard of reasonableness, and this ground should be dismissed.

**Conclusion**

For the foregoing reasons, the Court finds that each of the grounds raised in movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit or is procedurally barred, and should be dismissed without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant William Carr's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of September, 2010.